IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

JAMES AND THERESA ARNOLD    )
                            )
            Plaintiffs,     )
                            )
vs.                         )         Case No. 6:16-cv-01309
                            )
MAXMIND, INC.               )
                            )
            Defendant.      )


**MEMORANDUM IN SUPPORT OF DEFENDANT MAXMIND INC.'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION AND
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

COMES NOW Defendant Maxmind, Inc., by and through undersigned counsel, and

provides the Court with the following memorandum of law in support of Defendant's Motion to

Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim Upon Which Relief can be

Granted.


**Introduction**

Defendant MaxMind, Inc. ("MaxMind") is a Delaware Corporation that provides Internet

Protocol address geolocation services on a worldwide basis.  Through its GeoIP brand, MaxMind

provides companies with information related to the location of Internet visitors.  GeoIP data

provides companies with information that assists in a variety of business functions including

advertising and analytics.

Plaintiffs allege that between May 1, 2011 and the present, they have been "repeatedly

awakened from their sleep or disturbed from their daily activities" by the intervention of law

enforcement officials in the exercise of their duties, (Doc. 1, ¶¶ 5 and 7) by "angry business

owners" (Doc. 1, ¶ 6), and by "individuals" (Doc. 1, ¶ 8).  Based upon a journalist's conclusions

that these incidents were the result of actions by Defendant, Plaintiffs now allege that intrusions upon their privacy were based upon a 2002 decision by MaxMind regarding the default information provided by MaxMind to customers when the location of an Internet Protocol ("IP") address could only be ascertained at the United States nationwide level.

Plaintiffs allege that the actions of MaxMind have caused "emotional distress" and "placed them in a false light" by providing information related to the geographic location of Internet Protocol addresses.  Construed even in the light most favorable to the Plaintiffs, the Complaint fails to allege any cause of action cognizable within the State of Kansas.  Plaintiffs further fail to allege any conduct by MaxMind that is not barred by the Kansas statute of limitations, and fail to state any claim upon which relief can be granted.  Further, MaxMind has insufficient contacts with the State of Kansas for this Court to exercise  personal jurisdiction over it.

## I.      Plaintiffs' Complaint Fails to State a Claim Upon Which Relief Can Be Granted

Defendant MaxMind moves, pursuant to Fed. R. Civ. P 12(b)(6), to dismiss the Plaintiffs' Complaint for failing to state a claim upon which relief can be granted.  Even viewed through the limited requirements of notice pleading, Plaintiffs' Complaint fails to plead conduct by which MaxMind could be subject to liability to the Plaintiffs under *any* cause of action recognized by the State of Kansas.  Furthermore, Plaintiffs' claims, even if cognizable, are barred by the relevant statutes of limitations.   As a result, Plaintiffs' Complaint must be dismissed.

 "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007)(internal citations and punctuation removed). "Factual allegations must be

enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations removed).  A plaintiff must "nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)(internal citations and punctuation removed). "The mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id*. (emphasis in original).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (internal citations and punctuation removed). Plaintiffs' claims fail to allege with sufficient clarity that the actions of MaxMind create any cause of action cognizable by the application of law, and thus fail to meet the requirements of Federal Rule 12(b)(6).

### A.  Plaintiffs Fail to Plead a Cognizable Cause of Action for Negligent Infliction of Emotional Distress or False Light/Invasion of Privacy

Plaintiffs' Complaint generally avers that as a result of MaxMind's "reckless and grossly negligent conduct," Plaintiffs have sustained "emotional distress, fear for their safety, and humiliation." (Doc. 1, ¶ 17).  Plaintiffs further allege that MaxMind's "conduct has placed them in a false light and invaded their privacy." (Doc. 1, ¶ 17).  Plaintiffs have alleged no pecuniary loss or actual damages, choosing instead to solely assert a general claim for emotional damages.  Even if this Court were to accept the allegations of the Complaint as true, Plaintiffs have failed to plead facts giving rise to any claim cognizable under Kansas law. Instead, Plaintiffs provide only vague

allusions to two identifiable causes of action, while failing to sufficiently describe conduct which would impose liability for either.

### 1.  Negligent Infliction of Emotional Distress

Plaintiffs generally state that the actions of MaxMind constituted "reckless and grossly negligent conduct," but fail to establish any of the standards necessary to plead a negligence action under Kansas law.  Plaintiffs point to no duty owed by MaxMind, nor a breach of that duty. Most significantly, however, Plaintiffs have failed to allege any injury from this "negligence" beyond general emotional damages.  Significantly, Plaintiffs allege no *physical* injury that accompanies or results from the claimed conduct.  While Kansas recognizes the tort of negligent inflition of emotional distress, "it has long been the general rule in Kansas that there can be no recovery for emotional distress suffered by the plaintiff which is caused by the negligence of the defendant ***unless it is accompanied by or results in physical injury to the plaintiff***." *Hoard v. Shawnee Mission Med. Ctr.*, 233 Kan. 267, 274, 662 P.2d 1214, 1219–20 (1983)(emphasis added). [1] Moreover, Kansas courts have consistently held that generalized physical symptoms of emotional distress do not create a cause of action for negligent inflition of emotional distress. *See Majors v. Hillebrand*, 51 Kan. App. 2d 625, 628, 349 P.3d 1283, 1285 (Kan. App. 2015).[2]  Plaintiffs' failure to even allege any physical injury defeats any claim for the negligent inflition of emotional distress, and such a claim cannot survive the motion to dismiss.

---

[1] As discussed more fully *infra*, Plaintiffs' Complaint fails to establish any information related to the dates of the allegedly tortious conduct, suggesting that the allegation of "negligence" serves no purpose other than to suggest the application of the accrual portions of the Kansas statute of limitations.

[2] The *Majors* decision further identifies a number of "general" symptoms which do not suffice as an "injury" under Kansas Law, including headaches, sleeplessness, and anxiety. 51 Kan. App. 2d at 629.

2.    **False Light/Invasion of Privacy**

Plaintiffs similarly allege that MaxMind's actions have "placed them in a false light and invaded their privacy," but fail to allege conduct sufficient to assert a cognizable claim under Kansas law. While Kansas courts have recognized the tort of false light/invasion of privacy, Plaintiffs point to no conduct by MaxMind which rises to the type of conduct envisioned by the cause of action. "[F]alse light/invasion of privacy is one of four types of invasion of privacy and the elements of the false light type are (1) publication of some kind must be made to a third party; (2) the publication must falsely represent the person; and (3) that representation must be highly offensive to a reasonable person." *Dominguez v. Davidson*, 266 Kan. 926, 937 (Kan. 1999).[3]

Even if this Court were to accept the Plaintiffs' allegations as true, Plaintiffs do not allege that MaxMind has published information which places the *Plaintiffs* in a false light. Instead, Plaintiffs allege that MaxMind took Internet Protocol addresses that it was unable to pinpoint and associated them with a default geographic location that coincides with an area rented by the Plaintiffs. There are no allegations that MaxMind published any information about the Plaintiffs themselves, nor any allegations that MaxMind's information falsely represented *the person* of the Plaintiffs. Plaintiffs allege instead that as a result of MaxMind's default settings, unnamed third-parties (including law enforcement officials) rendered *conclusions* based upon the geographic mapping of IP addresses. Even if the Court were to accept as true that Plaintiffs were emotionally injured, Plaintiffs were not harmed by the assignment of a default setting for an unknown IP addresses. The alleged emotional injury resulted instead from the conclusions drawn by third parties that the

---

[3] "[T]he invasion of the right of privacy comprises four distinct kinds of tort: (1) intrusion upon seclusion; (2) appropriation of name or likeness; (3) publicity given to private life; and (4) publicity placing person in false light." *Rinsley v. Frydman*, 221 Kan. 297, 303, 559 P.2d 334, 339 (Kan. 1977).  Plaintiffs have alleged no facts which would suggest a claim for relief of any of the other recognized claims.

Plaintiffs location could be connected to illegal or immoral conduct. Moreover, Plaintiffs have failed to even allege that the parties responsible for the alleged injuries relied upon MaxMind data in identifying the Plaintiffs.

Plaintiffs fail to allege that the publication of default information regarding IP addresses falsely presented information regarding the Plaintiffs.  Plaintiffs' claims similarly fail to establish that MaxMind's decision to publish a "default" geographic location would be highly offensive to a reasonable person.  Plaintiffs' complaint fails to allege that there is anything inherently offensive to a reasonable person that an unknown IP address is connected to a default geographic location. Plaintiffs' allegations simply do not meet the requirements for a false light/invasion of privacy action, and the Plaintiffs' Complaint fails to state any claim upon which relief can be granted.

### B.  Plaintiffs' Claims are Barred by the Statute of Limitations

Even if the Court were to determine that the Plaintiffs have stated a recognized cause of action, Plaintiffs' claims were not properly raised within the time-frame outlined within Kan. Stat. Ann. § 60-513.  Pursuant to the Kansas statute of limitations, an action for false light/invasion of privacy is required to be brought within two years. *See Rinsley v. Brandt*, 446 F. Supp 850, 858 (D. Kan, 1977).  Similarly, an action for negligence must ordinarily be raised within two years. Kan. Stat. Ann. § 60-513(4).

Plaintiffs' Complaint contains no specific allegation as to the date in which MaxMind's allegedly tortious conduct occurred, beyond the conclusion that "the problem started in 2002." (Doc. 1, ¶ 13). Plaintiffs contend that they first became aware of problems related to the address within the first week after May 1, 2011 (Doc. 1, ¶ 4-5), and then generally aver to an incident occurring in 2013 (Doc. 1, ¶ 7).  Plaintiffs allude to additional problems with no allegations of the time frame. (Doc. 1, ¶¶ 8,9). By Plaintiffs' own admissions, any cause of action regarding

MaxMind had fully accrued in May of 2011 when the Plaintiffs first suffered injury, and the action presently before the Court is untimely.  More importantly, however, Plaintiffs allege that the actual "problem" began as far back as 2002.

Plaintiffs' suggestion that MaxMind's conduct was "negligent" seems consciously directed towards the "accrual" language of Kan. Stat. Ann. § 60-513(d), which states that a "negligence cause of action by a corporation…shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury… but in no event shall such an action be commenced more than five years beyond the time of the act giving rise to the cause of action." Furthermore, previous Courts have determined that the "discovery accrual rule" is inapplicable to defamatory actions because the torts arise at the moment of *publication* not at the time of discovery. *See e.g. Rinsley v. Brandt*, 446 F. Supp 850, 852 (D. Kan 1977)(citing *Vaughn v. Hornaman*, 195 Kan. 291, 298 (Kan. 1965)). *See also Id*. at 854 (finding that the Kansas Supreme Court has expressly noted the applicability of Defamation principles to the field of privacy).

Plaintiffs' claims are barred by the statute of limitations, as any "publication" of information pointing to the Plaintiffs originated well beyond the two years prior to commencement of this action.  While Plaintiffs speculate to the publication of information which casts them in a "false light," Plaintiffs have not specified any publicity to which they have been subjected other than an averment that inquiries to MaxMind's databases have occurred throughout the last 14 years (Doc. 1, ¶ 15).  Plaintiffs allege that any publication existed since at least 2011, rendering any theory of liability against MaxMind untimely.

II.     **This Court Lacks Personal Jurisdiction Over Defendant**:

Defendant MaxMind further moves, pursuant to Fed. R. Civ. P 12(b)(2) to dismiss the Plaintiffs' Complaint for lack of personal jurisdiction. Plaintiffs bear the burden of establishing

personal jurisdiction over the Defendant. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.

3d 1086, 1091 (10th Cir. 1998).  Plaintiff cannot establish sufficient minimum contacts with the

State of Kansas to comport with due process, and Plaintiffs' Complaint must consequently be

dismissed.

### A.  Relevant Background

Defendant MaxMind is a Delaware Corporation, with a principal place of business in

Waltham, Massachusetts (Affidavit of MaxMind, ¶ 1)[4].  MaxMind does not own, use or possess

any real estate situated within the State of Kansas. (Affidavit of MaxMind, ¶ 2). Maxmind does

not have agents domiciled within the State of Kansas. (Affidavit of MaxMind, ¶ 3). While

Maxmind has transacted business within the State of Kansas, these contacts are not of a significant

quantity or quality to establish personal jurisdiction over MaxMind.. (Affidavit of MaxMind, ¶ 4)

Maxmind does not have continuous and systematic contacts with the State of Kansas. (Affidavit

of MaxMind, ¶ 5)

Importantly, MaxMind has never transacted any business or entered into a contract with

Plaintiffs James and Theresa Arnold. (Affidavit of MaxMind, ¶ 6) Plaintiffs' Complaint alleges

that a product of MaxMind – IP geolocation information – has been improperly used by non-parties

to cause harm to the Plaintiffs' privacy.  Plaintiffs' skeletal Complaint makes no allegations of a

causal nexus of the alleged harm to MaxMind's limited business within the State of Kansas.

### B.  Defendant Does Not Fall Within the Scope of the Kansas Long-Arm Statute

To exercise personal jurisdiction over a non-resident Defendant, a District Court sitting in

diversity must determine that the Defendant is subject not only to the long-arm statute of the forum

---

[4] The affidavit of Thomas Mather, CEO of Maxmind, Inc., is affixed to this motion and incorporated only in support of Defendant's motion to dismiss for lack of personal jurisdiction.

state, but also that the exercise of personal jurisdiction does not offend due process. Determining that MaxMind is subject to the personal jurisdiction of this Court is a two-step analysis that considers the following questions: "First, does the defendant's conduct fall within the scope of the relevant provision of the Kansas long arm statute? Second, does the exercise of personal jurisdiction in the particular case comply with the due process requirements of the Fourteenth Amendment as set out in the decisions of the United States Supreme Court?" *Volt Delta Res., Inc. v. Devine*, 241 Kan. 775, 779, 740 P.2d 1089, 1093 (1987)." Plaintiff is required to establish sufficient facts to make a prima facie showing of the propriety of exercising personal jurisdiction.

To establish that MaxMind is subject to the Kansas long-arm statute, Plaintiffs must establish with sufficient evidence that MaxMind has "substantial, continuous and systematic contact" with the State of Kansas "which would "support jurisdiction consistent with the constitutions of the United States and of this state." Kan. Stat. Ann. § 60-308(b)(2). Defendant acknowledges that the Kansas long-arm statute, Kan. Stat. Ann. § 60-308, is to be "liberally construed to assert personal jurisdiction over nonresident defendants to the full extent permitted by the due process clause of the Fourteenth Amendment to the U.S. Constitution." *Id. at* 777. However, Plaintiffs allege that they have suffered an injury that arose out of conduct which occurred outside of the State of Kansas.  Pursuant to Kan. Stat. Ann. § 60-308(b)(1)(G), Plaintiff must establish that at the time of the injury while the defendant was "engaged in solicitation or service activities within this State" or that a product of MaxMind was "used or consumed within this state in the ordinary course of trade or use." Plaintiffs' failure to identify the relevant timeframes of injury preclude such a determination.  Plaintiffs' failure to identify when the injury occurred makes such a determination impossible.

**C.  Exercising Personal Jurisdiction over Defendant Would Violate the Due Process Clause of the Fourteenth Amendment**

Liberally construing the Kansas long-arm statute has prompted the Tenth Circuit to determine that the Court should "proceed directly to the constitutional issue." *Federated Rural Electric Ins. Corp. v. Kootenai Electric Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994).  Consistent with the due process clause, a district court may exercise personal jurisdiction over the defendant "only so long as there exist 'minimum contacts' between the defendant and the forum state." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1979).  These minimum contacts can be established by the determination that the court has either specific jurisdiction or general jurisdiction over the defendant.  Here, the Court possesses neither.

The Court may, consistent with Due Process, assert specific jurisdiction over a nonresident defendant "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)(internal citations omitted). While MaxMind does indeed have customers within the State of Kansas, Plaintiffs allege no information suggesting that the purported causes of actions arose out of MaxMind's dealings in the State or have a causal connection that arises out of MaxMind's business dealings in the State. Plaintiffs allege instead that queries to MaxMind's databases resulted in third-parties concluding that the Plaintiffs' home was the physical location where various Internet Protocol addresses were in use. Plaintiffs do not even allege that these third parties originated their searches within the State of Kansas. Plaintiffs cannot establish that the alleged harms are connected to MaxMind's Kansas business, and an exercise of specific jurisdiction is improper.

The Court may also determine that due process is satisfied by determining that MaxMind's general business contacts with Kansas are sufficient to exercise general jurisdiction over the claim.

*Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408 (1984).  However, because general jurisdiction is not related to the events giving rise to the cause of action, the Plaintiff is required to demonstrate "continuous and systematic general business contacts" with the State of Kansas. *OMI Holdings, Inc.*, 149 F. 3d at 1091. This is a two-fold analysis, requiring the Plaintiff to demonstrate that MaxMind has such minimum contacts that it should reasonably anticipate being haled into court in the State of Kansas, and also that exercising personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Id*.

MaxMind's limited contacts with the State of Kansas are insufficient to exercise personal jurisdiction over the Defendant.  MaxMind is not subject to either general jurisdiction nor specific jurisdiction, and the claims against MaxMind should be dismissed from the District of Kansas.

WHEREFORE, having otherwise responded to Plaintiffs' Complaint, Defendant Maxmind, Inc. respectfully request the Court dismiss the Plaintiffs' claims pursuant to Rule 12(b)(2) and 12(b)(6).

Respectfully Submitted by:

*/s/ Jordon T. Stanley*
Casey O. Housley,              KS#17665
Jordon T. Stanley,            KS #21990
Sanders Warren & Russell LLP
40 Corporate Woods
9401 Indian Creek Parkway, Suite 1250
Overland Park, Kansas 66210
Telephone:     (913) 234-6100
Facsimile:     (913) 234-6199
c.housley@swrllp.com
j.stanley@swrllp.com
***ATTORNEYS FOR DEFENDANT
MAXMIND, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Randall K. Rathbun    #09765
Depew Gillen Rathbun & McInteer LC
8301 E. 21st Street, Suite 450
Wichita, Kansas 67206-2936
randy@depewgillen.com
***ATTORNEYS FOR PLAINTIFF***

*/s/ Jordon T. Stanley*
Attorney

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| JAMES AND THERESA ARNOLD | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )     Case No. 6:16-cv-01309 |
| | ) |
| MAXMIND, INC. | ) |
| | ) |
| Defendant. | ) |

## AFFIDAVIT OF MAXMIND, INC. IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Affiant, Thomas Mather, having been first duly sworn under oath, states the following facts are true, based on personal knowledge:

1. I am the Founder and CEO of MaxMind, Inc., the Defendant in this matter.

2. MaxMind, Inc. is a Delaware Corporation, with a principal place of business in Waltham, Massachusetts.

3. MaxMind, Inc. does not own, use or possess any real estate situated within the State of Kansas.

4. MaxMind, Inc. does not have agents domiciled within the State of Kansas.

5. While MaxMind, Inc. has transacted business within the State of Kansas, these contacts are not of a significant quantity or quality.

6. MaxMind, Inc. does not have continuous and systematic contacts with the State of Kansas.

7. MaxMind, Inc. has never transacted any business or entered into a contract with Plaintiffs

James and Theresa Arnold.

Thomas Mather

**STATE OF MASSACHUSETTS** )
                                      ) ss
**COUNTY OF** _MIDDLESEX_ )

Subscribed and sworn before me this _30_ th day of August, 2016.

Notary Public

Stephen J. Lawless
Notary Public
Commonwealth of Massachusetts
Commission Expires Sept 23, 2022