Randall K. Rathbun #09765
Depew Gillen Rathbun & McInteer LC
8301 E. 21st Street, Suite 450
Wichita, KS   67206-2936
Telephone:  (316) 262-4000
Fax: (316) 265-3819
randy@depewgillen.com

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| JAMES and THERESA ARNOLD )<br>)<br>)<br>                    Plaintiffs, )<br>)<br>vs.                                    )<br>)<br>MAXMIND, INC.,                 )<br>)<br>                    Defendant. )<br>_____ ) | Case No.: 16-1309-JTM-TJJ |

## COMPLAINT

1.      The plaintiffs are husband and wife and residents of the state of Kansas.  They reside in rural Butler County, northeast of Potwin, Kansas ("the residence").

2.      MaxMind, Inc., is a Delaware corporation founded in 2002 with a principal place of business located at 14 Spring Street, 3rd Floor in Waltham, Mass.  The defendant may be served with process by service on its registered agent, Harvard Business Services, Inc., 16192 Coastal Hwy., Lewes, DE 19958.

3.     This action involves a dispute between citizens of different states and the amount in controversy is in excess of $75,000.  Accordingly this Court's jurisdiction is invoked under 28 USC §1332.  Venue is proper in this Court under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claim occurred in this judicial district.

*Background of the Action*

4.     In March 2011, the Arnolds signed a lease agreement to lease the residence, effective May 1, 2011.  They loved the home as it was out in the country, and the landlord gave the Arnolds and their two boys permission to hunt and fish on the surrounding 623 acres.  The location of the residence was perfect as their sons attended the nearby Berean Academy in Elbing and Mrs. Arnold's mother was in a nearby nursing home.

5.     The first week after the Arnolds moved in, two deputies from the Butler County Sheriff's Department came to the residence looking for a stolen truck.  This scenario repeated itself countless times over the next 5 years.  The plaintiffs were repeatedly awakened from their sleep or disturbed from their daily activities by local, state or federal officials looking for a runaway child or a missing person, or evidence of a computer fraud, or call of an attempted suicide.  Law enforcement officials frequently and repeatedly came to and telephoned the residence all hours of the day or night.

6.      Private individuals also sought out the plaintiffs' address. Angry business owners claimed that someone at the residence was sending their businesses thousands of email and clogging their computer systems. Private investigators came onto the plaintiff's property for various reasons. Strangers entered the plaintiffs' property looking for parties. People parked their vehicles on the township road around the plaintiffs' land and took pictures of the plaintiffs' property or tried to connect to the plaintiffs' internet.

7.      In 2013, the Butler County Sheriff Department ran a background check on the plaintiffs because of all the activity taking place at the residence. After this check, the plaintiffs were told that a "LDNS Server" was located on the property and that the Sheriff Department received weekly reports about fraud, scams, stolen Facebook accounts, missing person reports, suicide threats from the VA that appeared to come from the address and stolen vehicles all related to the residence.  Each incident brought law enforcement to the residence—at all hours of the night and day. Law enforcement frequently telephoned the plaintiffs to investigate, often interrupting their sleep.

8.      Threats began to be made against the plaintiffs by individuals who were convinced that the perpetrator of internet scamming lived at the residence. State investigators –  convinced that the plaintiffs had been involved in an identity theft –  came to the residence to take pictures of assets.

9.     The following events appeared to originate at the residence and brought trespassers and/or law enforcement to the plaintiffs' home at all hours of the night and day: stolen cars, fraud related to tax returns and bitcoin, stolen credit cards, suicide calls, private investigators, stolen social media accounts, fund raising events, and numerous other events.

10.     The plaintiffs made many attempts at discovering the cause of these problems over the years. In April 2013, the plaintiffs contacted Verizon about the LDNS server believed to be located at the property, but it turned out not to be the cause of the problems. Starting in May 2013, the plaintiffs participated in an investigation of the problems relating to the property conducted by a private Wichita, Kansas law firm hired by the plaintiffs' landlord. The plaintiffs also sought the help of local law enforcement in determining the cause of the problems.  All of the plaintiffs' efforts to determine the cause failed.

11.     In the spring of 2016, the plaintiffs discovered the cause of their problem when an investigative reporter for Fusion wrote an article entitled "How an Internet Mapping Glitch Turned a Random Kansas Farm into a Digital Hell." The article blames the "digital hell" on a Massachusetts company, the defendant MaxMind, Inc.

12.     MaxMind claims that it provides IP intelligence through the GeoIP brand. According to its website, over 5,000 companies use GeoIP data to locate their Internet visitors and show them relevant content and ads, perform analytics,

4

enforce digital rights, and efficiently route Internet traffic. The defendant claims that businesses can obtain additional insights into their customers' connection speeds, ISPs, and more using GeoIP data.

13.     As noted in the Fusion article, IP refers to the Internet Protocol, a unique identifier assigned to a computer or computer network.  The IP plays an essential role in computers talking to each other and every internet-connected device needs one.  Sophisticated sleuthing can allow one to find out information about an IP address.

14.     According to the article, the problem started in 2002 when the defendant decided it could make money by providing IP intelligence to companies that wanted to know the location of computers accessing their websites.

15.     IP mapping is not an exact science.  When it is at its most precise, it can be mapped to a house.  At its least precise, it can be mapped to a country. Incredibly, MaxMind made the decision to set a default location for IP addresses at the residence when it was unable to pinpoint the IP address of a user. On information and belief, Maxmind was indifferent to the likelihood that this decision—to link millions of IP addresses to the residence by default—would harm or endanger the people who live at residence.

16.     Accordingly, for the last 14 years, every time Maxmind's database was queried about a location in the United States it could not identify, it sent the inquiry the plaintiffs' address.  There are now over 600 million IP addresses associated with the plaintiffs' leasehold. Many of these IP addresses are associated with or have been used for illegal, immoral, or embarrassing purposes including fraud and child pornography. Over 5,000 companies draw information from MaxMind's database.

17.     MaxMind publishes free, public downloadable databases on its website which falsely linked the plaintiffs' residence with millions of IP addresses that had been used for illegal, immoral, or embarrassing purposes. These databases are available for download without charge and are updated monthly. On information and belief, thousands of individuals and entities have used the information published in these databases.

18.     On information and belief, Maxmind also sells access to databases which falsely linked the plaintiffs' residence with millions of IP addresses used for illegal, immoral, or embarrassing purposes, and published that information to thousands of its customers.

19.     The defendant's conduct has resulted in Mr. Arnold being reported as holding girls at the residence for the purpose of making pornographic films. The plaintiffs have been painted as criminals, hackers, and fraudsters by the information published by Maxmind. The plaintiffs have been variously accused of email and website hacking, stealing identities, property crimes and subjecting

others to electronic or physical harassment and cyber crimes.  The plaintiffs'
reputation in the community has been lowered as a result.

20.    The defendant's conduct has caused an almost constant barrage of
unwanted visitors and telephone calls to come to the plaintiffs' residence day and
night since they moved in.  The defendant's conduct has thus unreasonably and
substantially impaired the plaintiffs' peaceful use and enjoyment of their
property.  The plaintiffs have as a result suffered substantial and unreasonable
annoyance, discomfort, inconvenience, and loss of peace of mind relating to their
property.

21.    The defendant's conduct has intentionally caused numerous persons
to enter or remain upon the plaintiffs' land without the plaintiffs' consent or
permission and interfere with the plaintiffs' exclusive possession of their
residence.

22.    The defendant's conduct has been outrageous and unreasonable, and
has placed the plaintiffs in a false light, defamed them, and invaded their privacy.

24.    As a result of the defendant's reckless and grossly negligent conduct,
the plaintiffs have sustained great emotional distress, fear for their safety,
humiliation, and depression.  The plaintiffs have regularly lost sleep, and Mrs.
Arnold has even slept in her clothes and shoes out of fear. The plaintiffs have
been afraid to be home and afraid to leave their home because of what might
happen while they are gone. They have been advised by law enforcement that it
may be necessary to shoot and kill their dog in order to enter their residence to

investigate any of the regular reports of suicide coming from the residence.   As a result the plaintiffs seek compensatory and punitive damages in excess of $75,000.

WHEREFORE the plaintiffs  respectfully pray for a judgment in excess of $75,000, plus their costs, and any further relief this Court would deem just or equitable.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

s/Randall K. Rathbun
Randall K. Rathbun #09765
Joseph A. Schremmer #25968
8301 E. 21st Street N., Suite 450
Wichita, KS 67206-2936
Telephone: (316) 262-4000
Fax: (316) 265-3819
Email: Randy@depewgillen.com and
Joe@depewgillen.com

Mindy E. Wheeler
Peggs Wheeler LC
151 S. Whittier, Suite 1100
Wichita, KS 67207
Telephone: (316) 689-4258
Fax: (316) 689-4259
Email: me.wheeler@peggswheeler.com
*Attorneys for Plaintiffs*

8

## DESIGNATION OF PLACE OF TRIAL

COME NOW the plaintiffs and designate Wichita, Kansas, as the place of the trial of this action.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

s/Randall K. Rathbun
Randall K. Rathbun #09765
Joseph A. Schremmer #25968
8301 E. 21st Street N., Suite 450
Wichita, KS 67206-2936
Telephone: (316) 262-4000
Fax: (316) 265-3819
Email: Randy@depewgillen.com and
Joe@depewgillen.com

Mindy E. Wheeler
Peggs Wheeler LC
151 S. Whittier, Suite 1100
Wichita, KS 67207
Telephone: (316) 689-4258
Fax: (316) 689-4259
Email: me.wheeler@peggswheeler.com
*Attorneys for Plaintiffs*

## REQUEST FOR JURY TRIAL

COME NOW the plaintiffs and respectfully request a trial by jury with regard to the above-captioned  action.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

s/Randall K. Rathbun
Randall K. Rathbun, #09765
Joseph A. Schremmer #25968
8301 E. 21st Street N., Suite 450
Wichita, KS 67206-2936
Telephone: (316) 262-4000
Fax: (316) 265-3819
Email: Randy@depewgillen.com and
Joe@depewgillen.com

Mindy E. Wheeler
Peggs Wheeler LC
151 S. Whittier, Suite 1100
Wichita, KS 67207
Telephone: (316) 689-4258
Fax: (316) 689-4259
Email: me.wheeler@peggswheeler.com
*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September, 2016, a true and correct copy

of the above and foregoing **Amended Complaint** was filed via the U.S. Court CM/ECF

filing system and notice sent electronically to:

   Casey O. Housley
   Jordon T. Stanley
   Sanders Warren & Russell LLP
   40 Corporate Woods
   9401 Indian Creek Parkway, Suite 1250
   Overland Park, KS 66210
   *Attorneys for Defendant*


      s/Randall K. Rathbun
      Randall K. Rathbun