**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JAMES AND THERESA ARNOLD | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 6:16-cv-01309 |
| | ) | |
| MAXMIND, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS**

COMES NOW Defendant MaxMind, Inc. ("MaxMind"), by and through counsel, and provides the following Reply in support of Defendant's Motion to Dismiss (Doc. 4).  In further support of the Motion, Defendant replies as follows:

**Summary of Argument**

While Plaintiffs' Amended Complaint (Doc. 10) makes a number of new factual allegations against MaxMind, these claims still suffer from the same legal deficiencies that vexed Plaintiffs' Complaint (Doc. 4).  Plaintiffs still fail to assert causes of action cognizable under Kansas law, fail to articulate claims that are not time barred by the statute of limitations, and fail to present sufficient grounds for this Court to exercise personal jurisdiction over the Defendant.

Plaintiffs continue to assert that since May 1, 2011 – more than five (5) years before the present suit was filed – law enforcement officials engaged in searches of their home for illicit conduct. (Doc. 10, ¶ 5, 7-8).  For more than five years, they have suffered from physical intrusions on their property by private investigators and strangers. (Doc. 10, ¶ 6).  Plaintiffs allege they have received unspecified threats at some point in the last five years. (Doc. 10, ¶ 8). Since at least 2013,

Plaintiffs allege that they have received frequent telephone calls at all hours of the day.  (Doc. 10, ¶ 7). However, they do not allege, in either Complaint, that any of these intrusions occurred within the last two years, which is the outermost time period for the claim to be timely.

Plaintiffs claim that since at least 2013, they have actively sought an explanation for this conduct, including participation in a private investigation and seeking the assistance of law enforcement officials. (Doc. 10, ¶ 10).  With no facts to support their claims other than the conclusions of an online news article, Plaintiffs assert that they discovered the cause of their ongoing problems in the spring of 2016. (Doc. 10, ¶ 11).  These unsupported conclusions serve as the basis of this lawsuit against MaxMind.

Plaintiffs' Amended Complaint contains a number of generalized injuries claimed to have been suffered at unspecified times.  However, Plaintiffs fail to allege sufficient facts from which this Court can identify articulable causes of action under Kansas law.  Plaintiffs' Amended Complaint further fails to sufficiently identify any relevant dates that would allow for the application of the applicable statute of limitations, which at most is two (2) years.  Finally, Plaintiffs' response to Defendant's Motion to Dismiss still fails to identify sufficient grounds for this Court to exercise personal jurisdiction over MaxMind.  As a result, Plaintiffs' Amended Complaint should be dismissed pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.

I.    **Plaintiffs' Amended Complaint fails to causally connect the actions of MaxMind to their claims of injury and fails to identify facts with sufficient specificity.**

Plaintiffs' Amended Complaint alleges that MaxMind "made the decision to set a default location for IP addresses at the residence [of the Plaintiffs] when it was unable to pinpoint the IP address of a user.[1] (Doc. 10, ¶ 15).  Plaintiffs further allege that MaxMind has "published false statements connecting the plaintiffs to millions of IP addresses." (Doc. 11, p. 13). In response to Defendant's motion to dismiss, Plaintiffs now assert in their response that "plaintiffs Amended Complaint contains facts sufficient to plead multiple plausible claims including, but not limited to, outrage, false light, invasion of privacy, defamation, and nuisance." (Doc. 11, p. 10).

However, Plaintiffs' Amended Complaint fundamentally fails at causally connecting the actions of MaxMind to their alleged injuries. The gravamen of Plaintiffs' allegations are that MaxMind's "default location" settings falsely link the physical location of their home to any Internet Protocol (IP) address for which MaxMind identifies as originating from an unknown location. Plaintiffs allege that as a result of this decision, they have been reported as "holding girls… for the purpose of making pornographic films," "painted as criminals, hackers, and fraudsters" and "accused of email and website hacking, stealing identities, property crimes and subjecting others to electronic or physical harassment and cyber crimes" by various third parties. (Doc. 10, ¶ 19).

Accepting these allegations as true, as Defendant is aware the Court must do, Plaintiffs still fail to assert that the actors who allegedly harmed the Plaintiffs – whether law enforcement

---

[1] While MaxMind disputes that this allegation is factually accurate, that allegation is assumed to be true for the purposes of this motion alone.  The latitude and longitude representing the center of the United States is indicated in the CIA World Factbook, which placed the geographic center of the United States near the Plantiffs' property in Potwin, Kansas. For reference, please see the Geographic section of https://www.cia.gov/library/publications/the-world-factbook/fields/2011.html#us.

officials, emergency personnel, anonymous telephone callers or spiteful strangers – relied on MaxMind's data to draw their incorrect conclusions.  Plaintiffs' Complaint fails to identify MaxMind's statements or data that was relied upon by these third-parties.  Plaintiffs do not allege when the statements were published or how it was accessed by third parties.  Most importantly, Plaintiffs do not allege any information relating to how the information relied upon by third-parties originated with MaxMind.

In light of these factual defects, Plaintiffs' claims do not identify a claim upon which relief can be granted.  Each of the theories that Plaintiff now raises in the Amended Complaint require at least some allegation of a causal connection between MaxMind's actions and the alleged harm to Plaintiffs to identify a cause of action under Kansas law.  The tort of outrage requires a showing of "a causal connection between defendant's conduct and plaintiff's mental distress." *Roberts v. Saylor*, 230 Kan. 289, 292, 637 P.2d 1175, 1179 (Kan. 1981).  The tort of false light/invasion of privacy requires a connection between the publication to a third party and the mental distress of having been exposed to public view. *Castleberry v. Boeing Co.*, 880 F. Supp. 1435, 1442 (D. Kan. 1995).  Similarly, defamation requires a connection between the publication of information and subsequent damage to the reputation of the Plaintiffs.  *Id*. Plaintiffs' claims in nuisance suggest that MaxMind's negligent use of data have resulted in harm to the enjoyment in the land. "Causation is an essential element of any negligence claim." Rojas v. Barker, 40 Kan. App. 2d 758, 764, 195 P.3d 785, 789 (2008)  Not only does Plaintiffs' Amended Complaint fail to allege any facts supporting any connection between MaxMind's data and the injuries alleged by the Plaintiffs, it wholly fails to assert that the third parties allegedly entering upon their premises or calling them on the phone relied upon MaxMind's data. "[I]f the facts narrated by the plaintiff 'do

not at least outline or adumbrate' a viable claim, his complaint cannot pass Rule 12(b)(6) muster." *Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (D. Kan. 1996)(citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988)).

"To survive a motion to dismiss, a complaint must allege facts that, if true, state a claim to relief that is plausible on its face. A claim is facially plausible when the allegations give rise to a reasonable inference that the defendant is liable." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016)(internal citations and punctuation omitted). Despite amending the pleadings to survive Defendant's motion, Plaintiffs still fail to allege basic facts necessary to maintain a claim of false light/invasion of privacy or defamation under Kansas law. Plaintiffs' Amended Complaint asserts a number of conclusions that the conduct of unnamed, unknown third-parties, suggesting that this conduct resulted from data published by MaxMind. However, the Complaint fails to identify the time or manner of any publication at the root of their harms. Plaintiffs' Complaint generally alleges that MaxMind published unknown information, about an unknown IP address, to an unknown party, at some point in time. From these threadbare allegations, Plaintiffs assert that this action resulted in harm to the reputation and privacy of the Plaintiffs at various, unidentified points in time.

But as this Court has previously noted, "traditionally disfavored" causes of action like defamation require a heightened pleading standard other than that of Fed. R. Civ. Pro. 8(a). *Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1287 (D. Kan. 1997). Allegations of defamation require sufficient specificity of who made the statements, to whom those statements were made and a time frame for the statements, in that "generic statement[s] do[] not provide adequate details about the alleged defamation to enable defendant to defend the allegation." *Id.*; *see also McGeorge*

5

*v. Cont'l Airlines, Inc.*, 871 F.2d 952, 955 (10th Cir. 1989)(requiring a complaint alleging defamation "to provide sufficient notice of the communications complained of to allow [defendant] to defend itself.")

Plaintiffs' claims suffer from the same deficiencies as those in the *Bushnell* decision. Plaintiffs' general allegations do not give sufficient notice of how the alleged publication was communicated, to whom it was communicated, when it was communicated, or how that publication is causally connected to the Plaintiffs. *See* 973 F. Supp. at 1286. Without such information, the ability to defend against the Plaintiffs' claims is fatally disadvantaged, just as in *Bushnell*.

A similar problem arises with Plaintiffs' allegations regarding "false light/invasion of privacy." Kansas Courts note that defamation and false light/invasion of privacy claims are treated similarly, with the difference being that privacy actions involve mental distress resulting from exposure to public view, while defamation actions involve damage to reputation. *Dominguez v. Davidson*, 266 Kan. 926, 938, 974 P.2d 112, 121 (Kan. 1999). Plaintiffs have generally averred that the publication of information at some point in the last fourteen years has resulted in Plaintiffs suffering harm. The Amended Complaint does not identify the nature of the publication, only that MaxMind data associates 600 million IP addresses with the Plaintiffs' leasehold (Doc. 10, ¶ 16). It fails to identify when this information was published, who viewed it, or <u>how that is causally connected to the allegations of harms</u>. Plaintiffs do not identify with sufficient specificity what the allegedly published information states, who relied on the information, when that reliance occurred, or how that reliance connects to the Plaintiffs' claims. In fact, Plaintiffs fail to allege that these third parties ever relied on MaxMind data at all.

6

Plaintiffs' Complaint asks this Court to simply believe that a "black box" approach is sufficient to state a claim, and so simply accept conclusory statements that the effects felt by Plaintiffs are causally connected to the actions of Defendant.  Plaintiffs' Complaint fails to assert even a basic structure as to how the alleged publication of data by MaxMind connects to the harms suffered by the Plaintiffs.  The Complaint makes no reference to the recipients of the "published" information beyond a general inference that a connection exists between MaxMind's publication to "thousands of individuals and entities" (Doc. 10, ¶ 17). The Plaintiffs fail to causally connect the actions of third-parties that have caused harm to the Plaintiffs with a reliance upon MaxMind data.  Such a conclusory approach fails to sufficiently state a claim under Rule 12(b)(6). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

II.     **Plaintiffs' Amended Complaint fails to specifically allege any harms arising within the applicable statutes of limitations.**

Despite conceding that the claims at issue are governed by the one year statute of limitations of Kan. Stat. Ann. § 60-514 for any defamation claim, and the two year statute of limitations of  Kan. Stat. Ann. § 60-513 for all other claims, Plaintiffs provide no instances of harms arising within the two years prior to filing the current action.  Despite amending the Complaint, Plaintiffs specifically identify no injuries to themselves or their property that have occurred within the applicable time frame.  As discussed *supra*, Plaintiffs' failure to specify their claims of defamation or invasion of privacy with sufficient particularity, even under the standards of notice pleading, makes assessing the applicable statutes of limitations a virtually insurmountable task.  All of Plaintiffs' other purported causes raise these concerns.

7

### A. Outrage

Plaintiffs allege within their response to Defendant's Motion to Dismiss that the tort of outrage can be found within the Amended Complaint.  However, the Plaintiffs fail to identify a causal connection sufficient to analyze whether the statute of limitations is applicable. Based upon the allegations raised within the Complaint, however, the tort is time barred under the facts alleged within the Complaint.

Kansas law recognizes the tort of outrage as the same as an intentional infliction of emotional distress and subject to the two year statute of limitations.  *Hallam v. Mercy Health Ctr. of Manhattan, Inc.*, 278 Kan. 339, 340, 97 P.3d 492, 494 (Kan. 2004).  Plaintiffs are required to plead four elements in order to state a cause of action, "(1) The conduct of defendant must be intentional or in reckless disregard of plaintiff; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between defendant's conduct and plaintiff's mental distress; and (4) plaintiff's mental distress must be extreme and severe." *Roberts v. Saylor*, 230 Kan. 289, 292, 637 P.2d 1175, 1179 (Kan. 1981). Assuming *arguendo* that Plaintiffs' Amended Complaint raises sufficient factual allegations to articulate the cause of action, the threadbare timeline of the Complaint offers no conclusion other than a finding that the claim is barred by the statute of limitations.

Plaintiffs attempt to confuse this issue by arguing for a date of accrual within the statute of repose, Kan. Stat. Ann. § 60-513(b).  Plaintiffs simultaneously suggest that the date of accrual for any claim should be tolled to the point of discovery by the investigative reporter in the spring of 2016 and an allegation that the "re-publication" of MaxMind's data continued to be outrageous

acts by Defendant.  However, these conclusions are inconsistent with the pleadings themselves, as discussed more fully below.

Plaintiffs have alleged that "the problem started in 2002," at the date when MaxMind "set a default location for IP address…when it was unable to pinpoint the IP address of a user." (Doc. 10, ¶¶ 14-15).  Plaintiffs further allege that they began experiencing problems in 2011, when the Butler County Sheriff's Department came to the residence believing they would find a stolen truck (Doc. 10, ¶¶ 4-5).  Beyond these allegations, the Complaint only makes vague references to continuing problems and generalized harms without any reference to specific dates.

While the Kansas statute of repose may halt the accrual of actions until there is a determination that an injury occurred, Plaintiffs' allegations are expressly time-barred, even under the ten year time frame suggested by the Plaintiff.  "The plain language of K.S.A. 1991 Supp. 60-513 and the applicable case law require that… a negligence action must be brought within 10 years of the original wrongful act or the action is barred." *Dobson v. Larkin Homes, Inc.*, 251 Kan. 50, 53, 832 P.2d 345, 347 (1992).  By the pleadings themselves, the "outrageous" acts alleged by the Plaintiffs occurred as early as 2002, and Plaintiffs identify an injury that arose beginning in 2011.

Plaintiffs allege that the *cause* of the injury was not identifiable until the spring of 2016, when an investigative report was published. (Doc. 10, ¶ 11). But, the Plaintiffs clearly allege that the *injury* was identifiable from the first month of the residency on their property. (Doc. 10, ¶ 5). Consequently, the statute of limitations began at this moment based upon the allegations of the pleadings.  Plaintiffs now attempt to utilize the Kansas statute of repose to extend this time based upon their identification of the source of the problem.  But "[a] statute of repose limits the time during which a cause of action can arise and usually runs from an act of a defendant. It abolishes

the cause of action after the passage of time even though the cause of action may not have yet accrued." *Harding v. K.C. Wall Prod., Inc.*, 250 Kan. 655, 668, 831 P.2d 958, 967 (1992)(emphasis added). The central purpose of a statute of repose is "a legislative judgment that a defendant should be free from liability after the legislatively determined period of time." *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2183, 189 L. Ed. 2d 62 (2014).  A statute of repose does not provide for equitable tolling, "even in cases of extraordinary circumstances beyond a plaintiff's control."  *Id.*

Despite Plaintiffs' efforts to merge these two issues, nothing within the Kansas statute of limitations is tolled by the inability to identify the alleged responsible party for a tort.  As the Kansas Court of Appeals has noted:

> The clear language of the statute indicates the limitation period is triggered by both the *act* which causes injury and the existence of substantial injury. It is only when the injured party is unaware of the fact of injury (*i.e.,* unaware that he or she has been injured) that the limitation period starts later. The statute contains no language requiring the identification of the party who caused the injury. The only "triggering events" under the statute are (1) the act which caused the injury; (2) the existence of substantial injury; and (3) the injured party's awareness of the fact of injury.

*Dumler v. Conway*, 49 Kan. App. 2d 567, 576, 312 P.3d 385, 391–92 (2013).   Defendant acknowledges that the questions of whether an injury is "reasonably ascertainable" and the accrual of a cause of action are fact questions.  See e.g. *Shirley v. Reif*, 260 Kan. 514, 520, 920 P.2d 405, 410 (Kan. 1996).  However, Plaintiffs' Complaint fails to identify any injuries with specificity that are not barred by both the statute of limitations and the statute of repose.  Plaintiffs fail to identify any causally connected tortuous conduct by MaxMind which is not barred by the statute of repose. The vague allegations proposed by Plaintiffs themselves do not identify with any specificity any conduct by MaxMind which would not be time barred. Plaintiffs also fail to allege with specificity any injuries they have suffered which are not barred by the statute of limitations.   As such, Plaintiffs' Complaint fails to identify a cognizable cause of action for the tort of outrage.

10

**B. Nuisance**

Plaintiffs further alleged that the Amended Complaint asserts a claim for nuisance, but similarly fail to state a claim upon which relief can be granted.  As this Court acknowledged in *Bolin v. Cessna Aircraft Co.*, the Kansas laws of limitations for injuries to real property are a "byzantine edifice." 759 F. Supp. 692, 698 (D. Kan. 1991).   Any determination of whether Plaintiffs' claim for nuisance can survive the statute of limitations requires a detailed examination of the pleadings themselves.

"Kansas draws a distinction between actions for permanent as opposed to temporary damages." *Id.*  Whether the injury was permanent or temporary is the determinative factor in commencing the statute of limitations in nuisance actions. *Dougan v. Rossville Drainage Dist.*, 270 Kan. 468, 472–73, 15 P.3d 338, 343–44 (Kan. 2000).

> Temporary damages limit recovery for injury that is intermittent and occasional and when the cause of the injury is remediable, removable, or abatable. Damages are awarded on the theory that the cause of the injury may and will be terminated. Temporary damages are defined as damages to real estate which are recoverable from time to time as they occur from injury… Permanent damages are awarded on the theory that the cause of an injury is fixed and that the property will always remain subject to the injury. Permanent damages are damages for the entire injury done—past, present, and prospective—and, generally speaking, those which are practically irremediable. If an injury is permanent in character, all the damages caused thereby, whether past, present, or prospective, must be recovered in a single action.

*Id.* at 344 (internal citations omitted).

Plaintiffs' response to Defendant's Motion to Dismiss suggests that MaxMind has engaged in a temporary nuisance, one which would create a separate cause of action for each injury which arose in the two years prior to the commencement of the action.  But Kansas law proposes three determinative factors in identifying whether damages are temporary are permanent, "(1) the nature of the causative structure, (2) the nature of the damages, and (3) the ability to determine or estimate

damages." *Isnard v. City of Coffeyville*, 260 Kan. 2, 9, 917 P.2d 882, 888 (Kan. 1996).  Here, Plaintiffs' suggestion that the alleged nuisance is temporary and abatable is contradicted by the Amended Complaint.  In truth, Plaintiffs allege that the intrusion upon their right to enjoy the land began in 2002, and has subsequently resulted in the connection of 600 million IP addresses to the property (Doc. 10, ¶¶ 14-16).  Plaintiffs do not allege that this is an abatable nuisance, suggesting instead a permanent nuisance.  While MaxMind in no way concedes the Plaintiffs' allegations, the Complaint itself suggests a permanent nuisance which originated in 2002.   Accepting this allegation as true, the claim is wholly time barred by the statute of limitations.

Alternatively, if the Plaintiffs are electing to pursue a claim of temporary nuisance, Plaintiffs have failed to establish any articulable description of when these events occurred, or the specific identifiable damages arising from these unique and identifiable events. Instead, Plaintiffs have vaguely alleged harm that has arisen throughout the course of their tenancy on the property. These instances are not specified as to dates or time, and cannot be quantified as discrete acts. While the Plaintiffs have alleged conduct which might suggest a temporary and abatable nuisance under Kansas law, they have failed to identify when those temporary nuisances arose.  Despite already amending the Complaint attempting to survive the Defendants' Motion to Dismiss, Plaintiffs allege no injuries or specific instances of damages that have arisen at any time during the two years prior to filing.  As a result, the Plaintiffs have not alleged any instance of a specifically identifiable temporary nuisance except instances that are expressly barred by the statute of limitations.  As such, Plaintiffs have failed to state a claim for which relief can be granted.

III.    **Plaintiffs Present Insufficient Evidence of Damages to Support Their Claims**

Plaintiffs' do not assert sufficient facts to support a claim for outrageous infliction of emotional distress.  Kansas law is clear that liability for the tort of outrage "does not arise from mere insults, indignities, threats, annoyances, petty expressions, or other trivialities." *Roberts v. Saylor*, 230 Kan. 289, 293, 637 P.2d 1175, 1179 (1981). While Plaintiffs allege that defendant's conduct has resulted in "an almost constant barrage of unwanted visitors and telephone calls… since they moved in," the Amended Complaint offers no support for this conclusory response. (Doc. 10, ¶ 20).  The tort requires allegations of conduct "so outrageous in character, and so extreme in degree, as to go beyond the bounds of decency." *Id.*  Plaintiffs similarly fail to provide any facts supporting an impact upon their reputation as required to support a claim for defamation, facts supporting mental distress to support a claim for false light, or facts supporting a decrease in their enjoyment of their property.

Plaintiffs rely instead on unsubstantiated conclusions regarding the damages for each tort alleged against MaxMind. In examining a complaint pursuant to Rule 12(b)(6), the Court must "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). As Plaintiffs fail to assert sufficient factual averments so support such a claim, it should be dismissed.

IV.    **Insufficient Grounds Exist to Exercise Personal Jurisdiction Over the Defendant**

As previously raised in Defendant's motion to dismiss, Plaintiffs alone bear the burden of establishing personal jurisdiction over the Defendant. *OMI Holdings, Inc. v. Royal Ins. Co. of*

13

*Canada*, 149 F. 3d 1086, 1091 (10th Cir. 1998). Plaintiffs have not established sufficient minimum contacts with the State of Kansas to comport with due process, and Plaintiffs' Complaint must consequently be dismissed.

Respectfully Submitted by:

/s/ Jordon T. Stanley

Casey O. Housley,                KS#17665
Jordon T. Stanley,              KS #21990
Sanders Warren & Russell LLP
40 Corporate Woods
9401 Indian Creek Parkway, Suite 1250
Overland Park, Kansas 66210
Telephone:     (913) 234-6100
Facsimile:     (913) 234-6199
c.housley@swrllp.com
j.stanley@swrllp.com
**ATTORNEYS FOR DEFENDANT
MAXMIND, INC.**

14

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 4th day of October, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Randall K. Rathbun
Joseph A. Schremmer
Depew Gillen Rathbun & McInteer LC
8301 E. 21st Street, Suite 450
Wichita, Kansas 67206-2936
randy@depewgillen.com
Joe@depewgillen.com

Mindy E. Wheeler
Peggs Wheeler LC
151 S. Whittier, Suite 1100
Wichita, KS 67207
me.wheeler@peggswheeler.com
***ATTORNEYS FOR PLAINTIFF***

*/s/ Jordon T. Stanley*_____
Attorney for Defendant MaxMind, Inc.

15