IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES AND THERESA ARNOLD,
           Plaintiffs,

           vs.                              No. 16-1309-JTM

MAXMIND, INC.,
           Defendant.

MEMORANDUM AND ORDER

Plaintiffs James and Theresa Arnold leased their current residence in a rural area of Butler County, near Potwin, Kansas on May 1, 2011. Within a week of moving into their residence, according to the Arnolds' Amended Complaint, they were visited by sheriff's deputies looking for a stolen truck. This visit was the first in a series of repeated visits and calls by law enforcement officers, at all hours of the day and night, looking for runaway children, responding to attempted suicides, or searching for evidence of computer fraud or child pornography. In addition, private individuals have attempted to enter their property, attempted to access their internet, and complained or threatened the Arnolds over email spam originating from the farm. The Arnolds made repeated, but unsuccessful, attempts to find out why these problems were occurring.

In the Spring of 2016, the website *Fusion* published an article entitled "How an Internet Mapping Glitch Turned a Random Kansas Farm into a Digital Hell." The article identified the source of the Arnold's troubles as the defendant MaxMind, Inc.

MaxMind is a Massachusetts corporation which, acting through its brand GeoIP, supplies intelligence on internet protocol (IP) addresses, a unique signifier for computers or servers active on the internet. MaxMind provides information about the IP addresses of computers to some 5000 customers for the purposes of enforcing digital rights, customization of advertising, and routing internet traffic.

The Amended Complaint alleges that, when it was unable to otherwise pinpoint the IP address of a user, MaxMind decided to nonetheless give a specific location – the Arnolds' farm. As a result, since MaxMind implemented this decision, there are some 600 million IP addresses associated with the plaintiffs' residence.

According to the Amended Complaint, MaxMind publishes free, public downloadable databases on its website which falsely linked the plaintiffs' residence with millions of IP addresses that had been used for illegal, immoral, or embarrassing purposes. The defendant supplies these databases, allowing customers to download them without charge, and updates them monthly.

The Amended Complaint alleges that the interruptions, and damage, is "almost constant." The Amended Complaint advances claims for outrage, "reckless and grossly negligent conduct," invasion of privacy and false light publication, and defamation.

MaxMind has moved to dismiss the Arnolds' action on three grounds. First, it argues that the Arnolds' claims of negligent infliction of emotional distress and false light publication or invasion of privacy fail on the merits. Second, it argues the plaintiffs' claims are barred by the Kansas statute of limitations. Finally, it argues that

personal jurisdiction is lacking. The court has reviewed the pleadings submitted by the parties, and finds that the motion to dismiss should be denied.

With respect to the merits of the plaintiffs' allegations, MaxMind argues in particular (Dkt. 5, at 4) that the complaint is insufficient as to any claim of negligent infliction of emotional distress, since the Kansas law generally requires some proof of an accompanying physical injury. *Hoard v. Shawnee Mission Med. Ctr.*, 233 Kan. 267, 274, 662 P.2d 1214, 1219–20 (1983). The plaintiffs here have alleged only emotional distress. With respect to the claim for false light publication or invasion of privacy, the defendant thus argues, it cannot be liable to the Arnolds given the allegations in the Complaint.

In their Response, the Arnolds do not attempt to support their claim for negligent infliction of emotional distress. Rather, they stress the Complaint alleges that MaxMind's conduct was "outrageous[,] unreasonable, … reckless and grossly negligent," and thus their infliction of emotional distress claim is not restricted to mere negligence. The Kansas rule requiring physical injury is inapplicable where the injurious conduct is willful or wanton, or the defendant acts with intent to injure. *Hoard*, 233 Kan. at 274.

As for the plaintiffs' false light argument, MaxMind relies on this court's observation that the elements of the claim under Kansas law are the "(1) publication of some kind must be made to a third party; (2) the publication must falsely represent the person; and (3) that representation must be highly offensive to a reasonable person." *Castleberry v. Boeing Co.*, 880 F.Supp. 1435, 1442 (D. Kan. 1995) (citing *Dow v. Teramara, Inc.*, No. 90–1412, 1992 WL 403093 at *8 (D.Kan.1992) and the RESTATEMENT (SECOND) OF

3

TORTS § 652E)). The elements of the offense, the defendant argues, are not present because it did not "publish[] information which places the *Plaintiffs* in a false light," but merely "associated [unknown IP addresses] with a default geographic location that coincides with an area rented by the Plaintiffs." (Dkt. 5, at 5).

The cited provision in the RESTATEMENT provides:

One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if

(a) the false light in which the other was placed would be highly offensive to a reasonable person, and

(b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

Neither *Castleberry* nor the RESTATEMENT appear to require that the false publication specifically identify the injured party *by name*, as opposed to identifying – and injuring – another person by giving false light publicity to their address. In either instance, the wrongdoer is representing the person of the plaintiff through identifying information which leads to the plaintiff's injury. MaxMind supplies no argument or authority explaining why injuring another person with false publicity directed at their residence should escape the sanction of the law. Whether by use of name or a specific home address, the Amended Complaint alleges that the defendant's actions placed the Arnolds before the public in a false light.

More generally, in its Reply brief, the defendant argues that dismissal is appropriate by stressing the lack of specificity as to "when this information was

published, who viewed it, or how that is causally connected to the allegations of harm." (Dkt. 15, at 6). Similarly, according to MaxMind, the Complaint does not "identify with sufficient specificity what the allegedly published information states, who relied on the information, when that reliance occurred, or how that reliance connects to the Plaintiffs' claims." (*Id*.) The defendant quotes the decision of the Tenth Circuit in *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."

The court finds that the motion to dismiss, to the extent it argues that the Amended Complaint fails to state a claim for relief, should be denied. While it is not a model of clarity, the Amended Complaint does generally indicate the identity of the third parties who have caused their emotional distress (¶¶ 5, 6: "local, state or federal officials," as well as "business owners," and "[p]rivate investigators"), the nature of the publication (¶ 16: identifying "the plaintiffs' leasehold" as the location of some 600 million IP addresses), and, implicitly, the reliance of the third parties on MaxMind's actions (¶ 24: plaintiffs' injuries occurred "[a]s a result of the defendant's … conduct"). The court finds that the Amended Complaint contains sufficient factual averments to warrant discovery as to their claims for reckless infliction of emotional distress, defamation, and false light publication or invasion of privacy.[1]

---

[1] In their Response, the plaintiffs also argue that the Amended Complaint "clearly states yet another cognizable claim for relief: nuisance," (Dkt. 11, at 16), and proceeds to discuss the elements of such a claim under Kansas law. In fact, the term "nuisance" does not appear in the Amended Complaint at all, and is conspicuously absent from the paragraph summarizing the plaintiff's claims against MaxMind. (¶ 22: "The defendant's conduct has been outrageous and unreasonable, and has placed the plaintiffs in a false light, defamed them, and invaded their privacy.")  Given the absence of any such claim in the Amended Complaint, the court need not address the hypothetical validity of such an unpled claim.

MaxMind next argues that the Arnolds' claims are barred by the applicable statutes of limitations. K.S.A. 60-514 provides a one-year limitations period for defamation actions, and K.S.A. 60-513 a two-year period for the other claims advanced by the plaintiffs. And in its reply to the plaintiffs' argument that the statute of limitations is inapplicable because they were unable to discover the cause of their injuries until the 2016 *Fusion* article, MaxMind stresses that the Complaint alleges that "the problem started in 2002." (Dkt. 1, ¶ 14). Thus, the misidentification of the Kansas residence with unknown IP addresses has occurred "for the last 14 years." (Dkt. 1, ¶ 16).

Accordingly, MaxMind argues that any claims presented by the Arnolds are further precluded by the ten-year statute of repose contained in K.S.A. 60-513(b). The statute of repose, the defendant argues, serves to defeat any claim based on the events of 2002, regardless of when the plaintiffs learned of the problem or its source. *See Harding v. K.C. Wall Prod., Inc.*, 250 Kan. 655, 668, 831 P.2d 958, 967 (1992) ("statute of repose … abolishes the cause of action after the passage of time even though the cause of action may not have yet accrued")

If the Amended Complaint established that the only act causing injury to the plaintiffs was the original 2002 decision, the defendant would be entitled to the protection of the statute of repose. However, the Amended Complaint also alleges that MaxMind constantly repeats the false IP address attribution. The plaintiffs allege that MaxMind generates free databases which "are available for download without charge and *are updated monthly*." (Dkt. 10, ¶ 17 (emphasis added)). While the statute of repose

bars any claim for injuries arising from a defendant's original misdeed, it will not apply where the defendant engages in additional misconduct within the period of repose.

Thus, in *Morrison v. Watkins*, 20 Kan.App.2d 411, 423 , 889 P.2d 140 (1995), the court held that a legal malpractice claim was barred by the statute of repose, and that the statute of repose was not tolled by the continuation the attorney-client privilege after the original act of negligence. "Because K.S.A.1993 Supp. 60-513(b) is a statute of repose rather than a statute of limitations," the court wrote, "the continuous representation rule does not toll the time for those complained-of actions which occurred more than 10 years before filing of the suit." However, while the fact of a continuing relationship by itself would not defeat the statute of repose, the court indicated that the statute would not automatically extinguish all claims of the plaintiff. Acts of legal misconduct occurring more than 10 years ago would be barred, but on remand, "the district court should factually determine when the events giving rise to the complained-of causes of actions occurred for purposes of the statute of repose." *Id*. *See also Vacura v. Sliter*, 2014 WL 3843295, *5-6 (Kan. App. Aug. 1, 2014) (medical malpractice action barred under statute of repose because the evidence showed "each of Vacura's alleged negligent treatments by the health care defendants occurred outside the statue of repose").

Here, prior to any discovery, it cannot be said that all of the defendant's false IP attributions leading to the plaintiffs' injuries occurred more than ten years ago. To the contrary, the plaintiff's allege that the false attribution continues to occur on a monthly basis.

Finally, MaxMind argues in support of its motion that the court lacks personal jurisdiction over the defendant. *See Volt Delta Res., Inc. v. Devine*, 241 Kan. 775, 779, 740 P.2d 1089, 1093 (1987) (discussing elements of personal jurisdiction under the Kansas long-arm statute, K.S.A. 60-308). While it acknowledges that it has conducted some business in Kansas, MaxMind contends that these are not continuous or systematic. Its principal place of business is Waltham, Massachusetts, and it has no agents or real estate in Kansas. It has not transacted any business directly with the Arnolds. (Dkt. 5, at 8).

K.S.A. 60-308(b)(1)(G) authorizes jurisdiction over non-resident defendants for actions outside of Kansas which cause injury within the state if, at the time, the defendant was either "engaged in solicitation or service activities in this state," or its services "were used or consumed in this state in the ordinary course of trade or use engaged in solicitation or service activities in this state." The Arnolds cannot rely on Subparagraph (G), MaxMind argues, because their "failure to identify when the injury occurred makes such a determination impossible." (Dkt. 5, at 9). The defendant further argues that, even assuming the long-arm statute was applicable, the court cannot exercise jurisdiction in a manner compatible with due process, because its contacts with Kansas are too attenuated. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

The Arnolds respond that long-arm jurisdiction exists under K.S.A. 60-308(b)(1)(B), which authorizes jurisdiction where a defendant "commit[s] a tortious act in this state." This provision of the act is applicable where a defendant commits an act outside Kansas which causes injury within the State. *See Merriman v. Crompton Corp.*,

8

282 Kan. 433, 460, 146 P.3d 162 (2006). And, they contend, due process is satisfied and specific jurisdiction exists because MaxMind purposefully directed its activities at Kansas residents, targeting a specific Kansas location for default IP addresses, and the plaintiffs injuries arose out of those actions.

MaxMind's Reply brief offers no rejoinder to the plaintiffs' specific jurisdiction argument other to observe that the "Plaintiffs alone bear the burden of establishing personal jurisdiction over the Defendant." (Dkt. 15, at 13).

The court finds that, at the present stage of the litigation, the plaintiffs' allegations satisfy the requirements of K.S.A. 6-308(b)(1)(B) and due process. Given the volume of IP addresses involved, the defendant could reasonably anticipate being called into court to respond to such a false attribution. Further, jurisdiction does not offend traditional notions of fair play and substantial justice. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). Kansas has a strong interest in resolving the dispute between the parties, and provides the most efficient forum for resolving the dispute. There is no indication that the defendant will be particularly disadvantaged by responding to the plaintiffs' claims in this state.

IT IS ACCORDINGLY ORDERED this 20th day of October, 2016, that the defendant's Motion to Dismiss (Dkt. 4) is hereby denied.

        ___s/ J. Thomas Marten_____
        J. THOMAS MARTEN, JUDGE