IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| JAMES AND THERESA ARNOLD; ) <br> JOYCE M. TAYLOR ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MAXMIND, INC. ) <br> ) <br> Defendant. ) | Case No. 16-cv-1309-JTM-TJJ |

**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW Defendant MaxMind, Inc. ("MaxMind"), and for its answer to Plaintiffs James and Theresa Arnold's Amended Complaint (Doc. 10), states as follows:

1. Defendant is without sufficient information to admit or deny the allegations of paragraph 1 of Plaintiff's Second Amended Complaint, and therefore must deny each and every allegation of paragraph 1 of Plaintiff's Second Amended Complaint.

2. Defendant admits that it has been incorporated as a Delaware corporation since 2008. Defendant admits that it was founded in 2002 and that it has a principal place of business located at 14 Spring Street, 3rd Floor in Waltham, Massachusetts. Defendant denies the remaining allegations of paragraph 2 of Plaintiffs' Second Amended Complaint.

3. Defendant admits that this is a dispute between citizens of different states, but denies the remaining allegations of paragraph 3 of Plaintiffs' Second Amended Complaint. Paragraph 3 further contains legal conclusions to which no response is required, but to the extent that such legal conclusions purport to contain a factual allegation, Defendant specifically denies all such allegations and legal conclusions.

*Background of the Action*

4. Defendant is without sufficient information to admit or deny the allegations of paragraph 4 of Plaintiff's Second Amended Complaint, and therefore must deny each and every allegation of paragraph 4 of Plaintiff's Second Amended Complaint.

5. Defendant is without sufficient information to admit or deny the allegations of paragraph 5 of Plaintiff's Second Amended Complaint, and therefore must deny each and every allegation of paragraph 5 of Plaintiff's Second Amended Complaint.

6. Defendant is without sufficient information to admit or deny the allegations of paragraph 6 of Plaintiff's Second Amended Complaint, and therefore must deny each and every allegation of paragraph 6 of Plaintiff's Second Amended Complaint.

7. Defendant is without sufficient information to admit or deny the allegations of paragraph 7 of Plaintiff's Second Amended Complaint, and therefore must deny each and every allegation of paragraph 7 of Plaintiff's Second Amended Complaint.

8. Defendant is without sufficient information to admit or deny the allegations of paragraph 8 of Plaintiff's Second Amended Complaint, and therefore must deny each and every allegation of paragraph 8 of Plaintiff's Second Amended Complaint.

9. Defendant is without sufficient information to admit or deny the allegations of paragraph 9 of Plaintiff's Second Amended Complaint, and therefore must deny each and every allegation of paragraph 9 of Plaintiff's Second Amended Complaint.

10. Defendant is without sufficient information to admit or deny the allegations of paragraph 10 of Plaintiff's Second Amended Complaint, and therefore must deny each and every allegation of paragraph 10 of Plaintiff's Second Amended Complaint.

11. Defendant is without sufficient information to admit or deny the allegations of paragraph 11 of Plaintiff's Second Amended Complaint, and therefore must deny each and every allegation of paragraph 10 of Plaintiff's Second Amended Complaint.

12. Defendant states that the contents of the Fusion article speak for themselves, but denies the accuracy of said article. Further, the Defendant denies that said article accurately identifies the cause of Plaintiffs' alleged problems. As to the remaining allegations of paragraph 12, Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 12 of Plaintiff's Second Amended Complaint, and therefore must deny the same.

13. Defendant admits the allegations of paragraph 13 of Plaintiff's Second Amended Complaint.

14. Defendant states that the contents of the Fusion article speak for themselves. Defendant admits that IP refers to Internet Protocol, that the IP plays a role in computers talking to each other, and that internet-connected devices need IP addresses. As to the remaining allegations of paragraph 14, Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 14 of Plaintiff's Second Amended Complaint, and therefore must deny the same.

15. Defendant states that the contents of the Fusion article speak for themselves, but denies the accuracy of said article.

16. Defendant admits that IP mapping is not an exact science. Defendant specifically denies the remaining allegations of paragraph 16 of the Plaintiff's Second Amended Complaint.

17. Defendant admits that over 5,000 companies draw information from MaxMind's databases. Defendant denies that it has ever sent the Plaintiffs' address when queried about a

location.   As to the remaining allegations of paragraph 17, Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 17 of Plaintiff's Second Amended Complaint, and therefore must deny the same.

18.   Defendant admits that it publishes free, publicly downloadable databases on its website that are downloaded without charge and updated monthly.  Defendant denies that its databases have linked, falsely or otherwise, Plaintiffs' residence with IP addresses. As to the remaining allegations of paragraph 18, Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 18 of Plaintiff's Second Amended Complaint, and therefore must deny the same.

19.   Defendant specifically denies each and every allegation of paragraph 19 of the Plaintiff's Second Amended Complaint.

20.   Defendant denies that the information published by MaxMind has contained any information about the Plaintiffs. As to the remaining allegations of paragraph 20, Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 20 of Plaintiff's Second Amended Complaint, and therefore must deny the same.

21.   Defendant specifically denies each and every allegation of paragraph 21 of the Plaintiff's Second Amended Complaint.

22.   Defendant specifically denies each and every allegation of paragraph 22 of the Plaintiff's Second Amended Complaint.

23.   Defendant specifically denies each and every allegation of paragraph 23 of the Plaintiff's Second Amended Complaint.

24. Defendant specifically denies each and every allegation of paragraph 24 of the Plaintiff's Second Amended Complaint and further denies each and every allegations of the WHEREFORE paragraph of Plaintiff's Second Amended Complaint.

25. Defendant denies each and every allegation of Plaintiff's Second Amended Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

26. Plaintiff's Second Amended Complaint and each and every allegation therein fail to state a claim against Defendant upon which relief may be granted.

27. Plaintiff's Second Amended Complaint is barred by the applicable statute of limitations.

28. Plaintiff's Second Amended Complaint is barred by the applicable statute of repose.

29. Plaintiffs are not a property party in interest in that they are leaseholders and not the owners of the land.

30. Defendant is not subject to personal jurisdiction within the State of Kansas and the exercise of such jurisdiction violates Due Process.

31. Plaintiff's Second Amended Complaint fails to join indispensable parties in that if any actual harms were caused to Plaintiffs, which this Defendant denies, those harms were caused by parties who are not presently joined in the action.

32. Plaintiffs have not been damaged by the acts of the Defendant.

33. The alleged negligence or fault of the parties to this suit and other non-parties must be compared pursuant to K.S.A. 60-258a, which bars or diminishes Plaintiffs' right to recover herein.

34. To the extent Plaintiffs sustained any damage that was caused by their own conduct and/or the conduct of other parties or non-parties and/or superseding or intervening causes, Plaintiffs are barred and estopped from recovery against this Defendant.

35. Defendant asserts that if the Plaintiffs suffered damages, which this Defendant specifically denies, those damages were not a foreseeable consequence of the actions of this Defendant.

36. Plaintiffs have failed to mitigate their damages.

37. Plaintiffs' claims are barred by the doctrines of laches, estoppel, waiver, and unclean hands.

38. Defendant hereby asserts any other affirmative defense which may be uncovered during the course of discovery.

WHEREFORE, Defendant MaxMind, Inc. prays that the Court enter judgment in favor of Defendant and against Plaintiffs and for such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Defendant respectfully requests a trial by jury in this matter.

                                                             Respectfully Submitted by:

                                                             */s/ Jordon T. Stanley*_____
                                                             Casey O. Housley,       KS#17665
                                                             Jordon T. Stanley,       KS #21990
                                                             Sanders Warren & Russell LLP
                                                             40 Corporate Woods
                                                             9401 Indian Creek Parkway, Suite 1250
                                                             Overland Park, Kansas 66210
                                                             Telephone:   (913) 234-6100
                                                             Facsimile:    (913) 234-6199
                                                             c.housley@swrllp.com
                                                             j.stanley@swrllp.com
                                                             ***ATTORNEYS FOR DEFENDANT***
                                                             ***MAXMIND, INC.***

## CERTIFICATE OF SERVICE

       I hereby certify that on the 23rd day of February, 2017, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Randall K. Rathbun
Joseph A. Schremmer
Depew Gillen Rathbun & McInteer LC
8301 E. 21st Street, Suite 450
Wichita, Kansas 67206-2936
randy@depewgillen.com
Joe@depewgillen.com

Mindy E. Wheeler
Peggs Wheeler LC
151 S. Whittier, Suite 1100
Wichita, KS 67207
me.wheeler@peggswheeler.com
***ATTORNEYS FOR PLAINTIFF***

                                                                        */s/ Jordon T. Stanley*_____

                                          Attorney for Defendant MaxMind, Inc.