# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES ARNOLD, et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 6:16-cv-01309-JTM-TJJ |
| | ) |
| MAXMIND, INC., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

During the August 10, 2017, telephone conference in this case, Plaintiffs made an oral motion to compel Defendant to produce financial documents responsive to Plaintiffs' Second Request for Production of Documents Nos. 1-2. Plaintiffs contend that this discovery is relevant to their claims for punitive damages and is discoverable. Defendant objected that Plaintiffs' claim for punitive damages is spurious, production of the confidential financial documents could cause business harm to Defendant, and production of the requested financial information is premature.

In response to Plaintiffs' oral motion, Defendant conceded that Plaintiffs' Complaint has alleged sufficient facts to meet the requisite showing that the claim is not spurious, while continuing to assert that the claim is not likely to survive summary judgment. Defendant further acknowledges that all documents sought by Plaintiffs' requests fall within the scope of the Amended Protective Order (ECF No. 47), and therefore production of the documents is unlikely to cause harm to Defendant. The Court will consider Defendant's first two objections withdrawn.

Defendant continues to assert, however, that while the requests might be relevant to a punitive damages claim that is not spurious, the release of Defendant's financial information is

premature before the claim is shown to be capable of surviving summary judgment. For the reasons discussed below, the Court granted Plaintiffs' oral motion subject to certain conditions.

## I. Requested Discovery

Plaintiffs served their Second Request for Production of Documents on Defendant on June 29, 2017. These requests include the following:

> **REQUEST NO. 1:** Please produce copies of your state and federal income tax returns for 2010 through 2016.
>
> **REQUEST NO. 2:** Please produce copies of your monthly profit and loss statements for 2010 through 2016.

Plaintiffs conferred with Defendant, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan 37.2, and the Parties agreed to present Defendant's objections to the Court by oral motion during the August 10, 2017 telephone conference. Plaintiffs orally moved to compel production of documents responsive to the two requests, and argument was heard. Defendant withdrew its pending objections to the request except the objection that the request is premature.

## II. Analysis

The Court need not rule on whether Plaintiffs are entitled to obtain documents responsive to Request Nos. 1 and 2, as Defendant has conceded the documents are discoverable. However, Defendant continues to argue that the requests for production of its financial information are premature. Defendant urges the Court to follow other courts that have postponed disclosure of a defendant's confidential and proprietary financial records until after a ruling on any summary judgment motion challenging the plaintiff's claim for punitive damages. In *Heartland Surgical Specialty Hospital, LLC v. Midwest Division, Inc*,[1] defendants made a similar objection to producing their financial information relevant to punitive damages. Magistrate Judge Bostwick granted the motion to compel production of the defendants' financial information, but stayed

---

[1] No. 05-2164-MLB-DWB, 2007 WL 950282, at *13 (D. Kan. Mar. 26, 2007).

production until after a dispositive motion ruling concerning the punitive damages claim. In his ruling, he noted that courts in the District of Kansas have followed a "varied practice" in determining whether to delay discovery of financial information relating to a punitive damages claim.[2]

While there are no motions pending, Defendant has represented that it intends to file a motion for summary judgment on the issue of punitive damages.[3] The Court further notes that discovery in this matter remains open, and the parties have represented that depositions potentially relevant to the issue of punitive damages have not been completed. The Court will follow the procedure employed by Judge Bostwick in *Heartland* and stay production of the requested financial information until after a ruling has been entered on any forthcoming motion on the issue of punitive damages. Delaying the production to a point closer to trial will also result in Defendant producing more "current" information than would be produced now.[4]

The Court therefore stays production of Defendant's responses to RFP Nos. 1 and 2 until the District Judge determines whether Plaintiffs' claims for punitive damages survive any dispositive motion filed by Defendant. Thus, Defendant will not be required to produce the financial documents and information ordered herein until fourteen (14) days following a ruling on any dispositive motion filed by Defendant pertaining to the issue of punitive damages, provided that Plaintiffs' claims for punitive damages remain in the case.

---

[2] *Id*.

[3] The Scheduling Order deadline for the parties to file dispositive motions in this case is October 18, 2017.

[4] *Learjet, Inc. v. MPC Prods., Corp.*, No. 05-1074-MLB-DWB, 2007 WL 2287836, at *4 (D. Kan. Aug. 8, 2007).

**IT IS THEREFORE ORDERED** that Plaintiffs' oral motion to compel Defendant to respond to Request Nos. 1 and 2 of Plaintiffs' Second Request for Production of Documents is **GRANTED**, subject to the terms of this order. Defendant shall produce documents and information responsive to Request Nos. 1 and 2 and in accordance with this order **within fourteen (14) days after** the Court rules on any dispositive motion relating to punitive damages, provided that Plaintiff's claim for punitive damages remains in the case.

**IT IS SO ORDERED.**

Dated this 18th day of August, 2017.

*s/ Teresa J. James*
TERESA J. JAMES
United States Magistrate Judge